No. 9080
Orleans

SOUTHERN HAT COMPANY, INC., Appellants v. ELLIE SCHILL

(October 19, 1925, Opinion and Decree)

(*Syllabus by the Court*)

1. Louisiana Digest—Appeal—Par. 625, 627, 635.

Where the findings of fact by the trial court are supported by all the probabilities suggested by the evidence, there is a very strong presumption that the conclusions of fact reached by the trial judge are correct.

Appeal from Civil District Court, Division "E". Hon. Wm. H. Byrnes, Jr., Judge.

This is a suit for a balance due by a salesman to the one who had employed him.

Defendant claimed money in a reconventional demand.

The claims of both defendant and plaintiff were dismissed and plaintiff alone has appealed.

Judgment affirmed.

Milling, Godchaux, Saal and Milling, and Eugene D. Saunders, of New Orleans, attorneys for plaintiff, appellant.

H. W. Robinson, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff alleges that it employed defendant as a salesman during the period from January 1 to September 1, 1921, on a basis of 12% commission on sales effected by him; that during defendant's employment plaintiff paid him $1194.90 and his commissions amounted to only $566.53, and that, therefore, defendant owes plaintiff the difference, or $629.48.

Defendant denied the indebtedness and claimed $260.86 in reconvention.

The claims of both plaintiff and defendant were dismissed by the District Court and plaintiff alone has appealed.

We have only to consider whether plaintiff is entitled to a judgment on his demand.

The case turns upon the credit to be given the evidence of two contradictory witnesses, Mr. Gerson, the president of the plaintiff corporation, and the defendant himself.

Both agree that the original employment contemplated that defendant should pay his own traveling expenses and receive nothing more than 12% commission on his sales. Mr. Gerson contends that this agreement was unchanged throughout defendant's entire employment, whereas Schill, the defendant, claims that after working a month for plaintiff on that basis he quit and remained idle for about one month because he found he could not make a living on those terms, whereupon he was approached by Mr. Sear, plaintiff's secretary-treasurer, and urged to try it again, and as an inducement defendant's traveling expenses were guaranteed. That is to say that if defendant did not earn sufficient commissions to cover his advances for expenses, the surplus advances were to be charged to profit and loss.

If Gerson is correct plaintiff must recover, and if Schill, the judgment must be affirmed.

On plaintiff's behalf it is argued that it would be unreasonable to believe that the Southern Hat Company would pay defendant's expenses without limiting the amount, and defendant says no limit was given him. The evidence shows that advances were made in small sums and plaintiff could easily control the amount of expenses. On the other hand, it is much more unreasonable to suppose that the plaintiff would allow defendant to become its debtor for $628.48. Moreover, plaintiff admits that defendant stopped working for it for the time he claims but offers no explanation. Schill quit plaintiff's employ (and we find nothing in the record to indicate whether voluntary or involuntary) on September 1, 1921, and this suit was not filed until May 19, 1922. There are no letters in the record to defendant demanding payment nor any testimony indicating that there was any demand for payment before the suit was brought. Mr. Sear, who was in the court room as is evidenced by his testimony in the record, does not contradict Schill, who testified that Sear spoke to him several times about business and assured Schill that "you need not worry about this; you are getting your expenses just the same"; and also Mr. Gerson was said by Schill to have invited him (Schill) to spend a couple of days with him at his store in Glenmora, Louisiana, saying: "We are guaranteeing your expenses so you can lay off for a while", and Mr. Gerson makes no denial though present in court. The trial judge refused to follow plaintiff after hearing the evidence, and finally it is most improbable that anyone would be willing, as it is claimed Schill was, to work seven months, furnish an automobile and buy gasoline for the car and food and lodging for himself without earning at any time the actual cost of maintenance of man and machine, to say nothing of compensation for services rendered and time expended.

For the reasons assigned the judgment appealed from is affirmed.